VERMONT & MASSACHUSETTS RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8850.   Promulgated October 4, 1927.

Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held*, the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

*J. S. Y. Ivins, Esq.*, and *O. R. Folsom-Jones, Esq.*, for the petitioner.

*M. N. Fisher, Esq.*, and *P. J. Rose, Esq.*, for the respondent.

The Commissioner determined a deficiency in income and profits tax for the calendar year 1919 in the amount of $1,956.65. In the same notice he determined an overassessment for the year 1920 of $123.55, such assessment not arising from the denial of an abatement claim.

The issue presented is whether the payment, under the terms of a lease, by the lessee of the Federal income tax of the lessor, constitutes additional income to the lessor.

#### FINDINGS OF FACT.

During the years 1919 and 1920, and for many years prior thereto, petitioner was a Massachusetts corporation with principal office in Boston. It was the owner of a railroad which it leased to the Boston & Maine Railroad under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. The income tax of the lessor for each year was payable and was paid by the lessee in the following year.

The Commissioner computed a Federal income tax of $19,013.32 on the petitioner's income of $192,133.16 for the year 1919, as revised by him, and added the said amount of $19,013.32 to petitioner's taxable income for the year 1919. The income-tax return of the petitioner for the calendar year 1918 showed a tax liability of $22,749.60, computed upon the income of the petitioner for that year without the inclusion therein of any amount on account of the tax paid in that year by petitioner's lessee. This tax of $22,749.60 was paid by the Boston & Maine Railroad, petitioner's lessee, during the calendar year 1919. Petitioner kept its books and rendered its returns upon an accrual basis.

LITTLETON: In *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186, the Board held that the amount of the tax upon the income of the lessor paid by the lessee, under the terms of a lease such as we have here, constituted additional taxable income to such lessor in the year in which such tax was payable by such lessee. On the authority of that decision petitioner's tax for 1919 should be recomputed by including in income the amount of $22,749.60, representing the tax upon petitioner's income for the calendar year 1918 paid by the lessee in the year 1919.

The Commissioner determined that the correct tax liability of petitioner for the calendar year 1920 was less than the tax shown by the petitioner upon its return. The Board, therefore, has no jurisdiction of the year 1920. *Cornelius Cotton Mills*, 4 B. T. A. 255.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*